UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:20-cv-01032-CEH-CPT

**STRIKE 3 HOLDINGS, LLC**, a limited liability company,

    Plaintiff,

v.

**JOHN DOE** subscriber assigned IP address 47.205.159.100, an individual,

    Defendant.

_____/

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | September 4, 2020 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | July 21, 2020 |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | October 5, 2020 |
| **Disclosure of Expert Reports** **Plaintiff:** **Defendant:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | December 11, 2020 January 8, 2021 |
| **Discovery Deadline** [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 15, 2021 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** [Court requires 5 months or more before trial term begins] | April 12, 2021 |

| | |
|---|---|
| **Meeting In Person to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | July 13, 2021 |
| **Joint Final Pretrial Statement** (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect version may be emailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 3 weeks before Final Pretrial Conference] | July 27, 2021 |
| **All Other Motions Including Motions** *In Limine* [Court recommends 3 weeks before Final Pre-trial Conference] | July 26, 2021 |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | August 16, 2021 |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | August 23, 2021 |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business date of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | September 6, 2021 |
| **Estimated Length of Trial** [trial days] | 3 days |
| **Jury / Non-Jury** | Jury Trial |
| **Mediation** <br> **Deadline:** <br><br> **Mediator:** <br> **Address:** <br> **Telephone:** <br><br> [Absent arbitration, mediation is mandatory; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | October 16, 2020 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes _____        No _____ <br><br> Likely to Agree in Future    __X__ |

I. **Meeting of Parties**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held virtually on August 3, 2020 and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Tyler A. Mamone | Plaintiff, Strike 3 Holdings, LLC |
| Dominique Brown | Defendant, Etienne Porter |

II. **Pre-Discovery Initial Disclosures of Core Information Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ___ have exchanged / _X_ agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) on or by September 4, 2020.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

**III.    Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_X_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

A.    The form or forms in which ESI should be produced.

B.    Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought .

C.    Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.    The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.    The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.    Any issues relating to preservation of discoverable ESI.

G.    Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order

under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

      H.      Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

      The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

      The parties acknowledge that they are required to preserve relevant electronically stored information. The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.

      Plaintiff's position is that Defendant must preserve, and must immediately take efforts to prevent the destruction, expiration, deletion, overwriting, concealment, or modification (even if such data would otherwise expire, be deleted or overwritten, concealed, or modified in the normal course of business, including through the termination of user accounts) of Electronically Stored Information ("ESI") reasonably related to this litigation in Defendant's possession, custody, or control. This includes preservation of all the following:

      a.      Defendant's laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives or not engaging in any of the following activities: (1) deleting any data within any of Defendant's Hard Drives; (2) using data shredding, overwriting, or wiping applications; (3) defragmenting any Hard Drives; (4) re-imaging or replacing drives; (5) compressing a Hard Drive; (6) deleting internet cookies; (7) deleting browser history and favorites; (8) running any "disk clean-up" processes; (9) installing and uninstalling software on any Hard Drive; (10) updating an operating system on any Hard Drive; and/or (11) taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer Hard Drives;

      b.      All contents of any third party cloud storage service which Defendant has access to such as Amazon Cloud Drive, Apple iCloud, DropBox,

Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

      c.     Defendant's modem and router used in his home during the period of recorded infringement.

      d.     All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

      e.     All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives. Plaintiff's position is that the forensically sound images should be created by a computer professional or Plaintiff's expert and produced in RAW format. It is Plaintiff's position that Defendant is responsible for the cost of duplicating the Hard Drives. However, Plaintiff agrees to pay the cost of Hard Drive examination (not duplication). If examination of Defendant's Hard Drives reveals evidence of spoliation, examination may further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

It is Plaintiff's position that Defendant should not turn on, use, or alter his computer hard drives until after a forensically sound image of each Hard Drive has been created by a computer professional and subsequently verified by Plaintiff's expert. This prohibition should include, but is not limited to, deleting any electronically stored information; utilizing such procedures as de-fragmenting computer hard drives, deleting internet cookies, deleting browser history and favorites, running any "disk clean-up" processes; and/or taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer hard drives.

Plaintiff will be producing: (a) PCAPs; (b) .torrent files; (c) computer media files that correlate to each of the .torrent files downloaded and distributed by Defendant; (d) original version of the Infringed Works; (e) infringment log files; and (f) Additional Evidence of Third-Party downloads, and mp4 files that correlate to the infringed works. The PCAPs, .torrent files, computer media files, and original versions of the Infringed Works will be produced in their native format and sent to defense counsel on a USB drive or cloud service link. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

Defendant may seek other documents relating to Plaintiff's capture of relevant information used to prosecute their claim, which files may be provided via USB flash drive or cloud service link; Defendant will confer with Plaintiff regarding any issues in method of production or, if necessary, objections to discovery requested.

   The parties agree to the following claw back provision: In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned or destroyed.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return or destroy all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned or destroyed document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

  ___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

  **If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

  ___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV. Agreed Discovery Plan for Plaintiffs and Defendants**

  **A.  Certificate of Interested Persons and Corporate Disclosure Statement**

  This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate

Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately. Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

\_\_\_X\_\_\_ Yes. Plaintiff filed its Certificate of Interested Persons and Corporate Disclosure statement on May 6, 2020 [CM/ECF 7].

_____ No Amended Certificate will be filed by _____ (party) on or before _____ (date).

### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

### C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates,

deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

    Number of Depositions: The parties agree that no more than ten depositions per side may be taken in this case unless otherwise ordered by the Court.

    Time Permitted for Each Deposition: Each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

    Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors (if Defendant asserts an 'Open WiFi' defense), other individuals that resided at Defendant's Internet service address, and Defendant's Internet Service Provider. Plaintiff also intends on deposing Defendant's experts which will occur after receipt of Defendant's expert reports.

2. Interrogatories

    Number of Interrogatories: No party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts.

3. Document Requests

    Plaintiff intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses and/or Counterclaims filed by Defendant. Specifically, these requests will seek Defendant's computer hard drives which were located at the Defendant's Internet service address during the prior of recorded infringement. Plaintiff will also

        seek any documents which establish that Defendant did not have access to the relevant IP address during the period of infringement, and any other documents establishing or supporting the fact that Defendant is not the infringer.

4. Requests to Admit

    Requests for Admission: Plaintiff intends to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses and/or Counterclaims filed by Defendant.

5. Supplementation of Discovery

    Supplementation of Disclosure and Response: The parties agree that they must supplement disclosures and discovery responses in a timely manner and as ordered by the court.

## D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

## E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record. The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

### G. Other Matters Regarding Discovery

None.

## V. Settlement and Alternative Dispute Resolution.

### A. Settlement

The parties agree that settlement is __x__ likely _____ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

yes _____ no_____ likely to request in future _____

**B. Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____   no __x____   likely to agree in future _____

_____ Binding _____ Non-Binding

**C. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties will agree mediator from the Court's approved list of mediators. The list of mediators is available from the Clerk, and is posted on the Courts web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: August 10, 2020

Respectfully submitted:

By: /s/ *Tyler A. Mamone*  
Tyler A. Mamone, Esq.  
Florida Bar No.: 111632  
MAMONE VILLALON  
100 SE 2nd St., Suite 2000  
Miami, Florida, 33131  
Tel: (786) 209-2379  
Email: Tyler@mvlawpllc.com  
*Attorneys for Plaintiff*

/s/ *Dominique Brown*  
Dominique Brown, Esq.  
The Dream Law Firm, PLLC  
3643 Cortez Road West, Suite 100  
Bradenton, Florida 34210  
Telephone: (941) 251-6024  
Facsimile:  
Email: Dominique@TheDreamLawFirm.com  
*Attorneys for Defendant*